**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 19-CR-88-JED** |
| | ) |
| **SEBASTIAN COBELO,** | ) |
| | ) |
| **Defendant.** | ) |

## PLEA AGREEMENT

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Mark R. Morgan, Assistant United States Attorney, and the defendant, SEBASTIAN COBELO, in person and through counsel, Thomas Wright, respectfully inform the Court that they have reached the following plea agreement.

**1.    Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT 1: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession of
Methamphetamine With Intent to Distribute;**

**COUNT 2: 18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a
Drug Trafficking Crime;**

**COUNT 3: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession of
Methamphetamine With Intent to Distribute;**

**COUNT 4: 18 U.S.C. § 924(c)(1)(A)(i) – Possession of Firearms in Furtherance of a
Drug Trafficking Crime,**

06-10-2019


Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits

to being in fact guilty as charged in the count[s] to which the defendant is pleading guilty.

**2.     Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional

rights will be relinquished:

a.     the right to be indicted if proceeding by Information;

b.     the right to plead not guilty;

c.     the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.     at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.     the defendant has the right to assist in the selection of the jury;

f.     during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.     the defendant has the right to confront and cross-examine witnesses against the defendant;

h.     if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.     if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.     if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.     at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

2

06-10-2019

*SC*
Defendant's Initials

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty,

the defendant understands that the defendant may have to answer questions posed to

defendant by the Court, both about the rights that the defendant will be giving up and the

factual basis for the defendant's plea.

**3.     Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this

plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.     The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum);

b.     The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.     The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and

post-conviction rights; that the defendant understands his rights; and that the defendant

knowingly and voluntarily waives those rights as set forth above.

_____

**SEBASTIAN COBELO**

06-10-2019

3

SC

Defendant's Initials

**4.**     <u>**Freedom of Information Act Waiver**</u>

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**5.**     <u>**Rule 11 Rights Waiver**</u>

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.     A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

b.     Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

c.     Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

**6.**     <u>**Waiver of Right to Jury Trial on Sentencing Factors**</u>

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant

06-10-2019

Defendant's Initials

explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

## 7.   **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

5

06-10-2019

*SC*
Defendant's Initials

## 8.     Forfeiture Agreement

The defendant, **SEBASTIAN COBELO**, agrees to forfeit, pursuant to Title 21, United States Code, Section 853(a), Title 18, United States Code, Section 924(d), and Title 21, United States Code, Section 2461(c), the currency, firearms, and ammunition which were involved in or used in the knowing commission of the drug and firearm offenses, including but not limited to:

**CURRENCY**

$4,578.53 in United States Currency, seized from Defendant COBELO on October 14, 2018; and

$3,026.00 in United States Currency, seized from Defendant COBELO on October 22, 2018.

**FIREARMS AND AMMUNITION**

1.     Smith and Wesson, Model M&P Shield, .40 caliber semi-automatic pistol, serial number HUE4577;

2.     Zastava, Model PAP M70, 7.62mmx39 caliber semi-automatic rifle, with magazine, serial number ZAP AP007253;

3.     Glock, Model 23Gen4, .40 caliber semi-automatic pistol, serial number XPM581;

4.     DPMS, Model A 15, .223-5.56mm caliber semi-automatic rifle, serial number FH209338; and

5.     Approximately 194 miscellaneous rounds of ammunition.

The defendant, **SEBASTIAN COBELO**, understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.  The

6

06-10-2019

*SC*
Defendant's Initials

defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant knowingly and voluntarily consents to the forfeiture of the firearms, ammunition and currency as part of this criminal case or in a State forfeiture proceeding.

### 9.     Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

### 10.     Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in order to convict under Count One in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) are as follows:

First:      The Defendant knowingly or intentionally possessed a controlled substance as charged;

Second:   The substance was in fact methamphetamine;

Third:     The defendant possessed the substance with the intent to distribute it;

7

06-10-2019

Defendant's Initials

Fourth:    The amount of the controlled substance possessed by the defendant was at least 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and

Fifth:    The offense occurred within the Northern District of Oklahoma.

The elements that the United States must prove beyond a reasonable doubt in order to convict under Count Two in violation of 18 U.S.C. § 924(c)(1)(A)(i) are as follows:

First:    The Defendant committed the crime of Possession of a Controlled Substance with Intent to Distribute, which is a drug trafficking crime;

Second:    The defendant possessed a firearm in furtherance of this crime.

Third:    The offense occurred within the Northern District of Oklahoma.

The elements that the United States must prove beyond a reasonable doubt in order to convict under Count Three in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) are as follows:

First:    The Defendant knowingly or intentionally possessed a controlled substance as charged;

Second:    The substance was in fact methamphetamine;

Third:    The defendant possessed the substance with the intent to distribute it;

Fourth:    The amount of the controlled substance possessed by the defendant was at least 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and

Fifth:    The offense occurred within the Northern District of Oklahoma.

8

06-10-2019

*SC*
Defendant's Initials

The elements that the United States must prove beyond a reasonable doubt in order to convict under Count Four in violation of 18 U.S.C. § 924(c)(1)(A)(i) are as follows:

First: The Defendant committed the crime of Possession of a Controlled Substance with Intent to Distribute, which is a drug trafficking crime;

Second: The defendant possessed a firearm in furtherance of this crime.

Third: The offense occurred within the Northern District of Oklahoma.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, Sebastian Cobelo, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One, Two, Three, and Four in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> I, Sebastian Cobelo, admit that on October 22, 2018, I had over 500 grams of a mixture and substance containing a detectable amount of methamphetamine in my possession. I agree that methamphetamine is a schedule II controlled substance. I possessed that methamphetamine with the intent to sell it to others. In conjunction with having that methamphetamine, I possessed a chamber-loaded Smith and Wesson M&P .40 caliber handgun bearing serial number HUE4577. I possessed firearm and ammunition for the purpose of assisting in or achieving the goal of distributing the same mixture or substance of at least 500 grams containing a detectable amount of methamphetamine. I also possessed the firearm and ammunition for the purpose of protecting myself and the methamphetamine I intended to distribute.
>
> I, Sebastian Cobelo, also admit that on October 14, 2018, I had over 50 grams of a mixture and substance containing a detectable amount of methamphetamine in my possession. I agree that methamphetamine is a schedule II controlled substance. I possessed that methamphetamine with the intent to sell it to others. In conjunction with having that methamphetamine,

06-10-2019

9

Defendant's Initials

I possessed a stolen Zastava Model PAP M70, 7.62mmx39 AK-47 style rifle bearing serial number ZAP AP007253, a loaded DPMS Model AR 15 .233-.556 caliber rifle bearing serial number FH209338, and a loaded and stolen Glock Model 23 .40 caliber handgun bearing serial number XPM581. I possessed firearms and ammunition for the purpose of assisting in or achieving the goal of distributing the same mixture or substance of at least 50 grams containing a detectable amount of methamphetamine. I also possessed the firearm and ammunition for the purpose of protecting myself and the methamphetamine I intended to distribute.

_____          _____
SEBASTIAN COBELO                          Date
Defendant

## 11.   **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

10

06-10-2019

_____
Defendant's Initials

12. **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

13. **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

06-10-2019

*SC*

Defendant's Initials

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**14.** **Sentence**

**a.** **Imprisonment**

The defendant acknowledges that under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) the minimum mandatory statutory sentence is 10 years imprisonment, the maximum statutory sentence is life imprisonment and a fine of not more than $10,000,000.

The defendant also acknowledges that under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) the minimum mandatory statutory sentence is 5 years imprisonment, the maximum statutory sentence is 40 years imprisonment and a fine of not more than $5,000,000.

12

06-10-2019

*SC*
Defendant's Initials

The defendant understands that a statutory mandatory minimum is applicable, and that in the case of drug violations the mandatory minimum is tied to the amount of drugs that the Court determines were involved.

The defendant further acknowledges that under 18 U.S.C. § 924(c)(1)(A)(i) the minimum mandatory statutory sentence is 5 years imprisonment, the maximum statutory sentence is life imprisonment and a fine of not more than $250,000. The defendant understands that any sentence imposed under 18 U.S.C. § 924(c)(1)(A)(i) will run consecutively to any other term of imprisonment.

**b.     Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment of at least 5 years under Count One and at least 4 years under Count Three. Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment of not more than 5 years under Count Two and Count Four.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release.  Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a

13

06-10-2019

*SC*
Defendant's Initials

violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)).  If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3).  Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

The supervised release for the 924(c) counts may run consecutively to the supervised release for the other charged violations to which the defendant is pleading.

c.    **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole.  The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the

06-10-2019

*SC*
Defendant's Initials

likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum.  The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.  The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations.  The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

06-10-2019

15

*SC*
Defendant's Initials

### 15. Stipulations

The parties stipulate that the total amount of a mixture and substance, containing a detectable amount of methamphetamine, attributable to the defendant, is not more than 800 grams for the purposes of relevant conduct and calculating the appropriate sentencing guideline range. Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

### 16. Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 17. Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the

16

06-10-2019

_SC_
Defendant's Initials

Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that SEBASTIAN COBELO, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement.  This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

06-10-2019

17

_SC_
Defendant's Initials

18.     **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY

_____          _____7/2/19_____
MARK R. MORGAN                            Dated
Assistant United States Attorney

_____          _____6/28/19_____
THOMAS WRIGHT                             Dated
Attorney for Defendant

_____          _____June 28, 2019_____
SEBASTIAN COBELO                          Dated
Defendant

06-10-2019                                18

_____SC_____
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____                _____
SEBASTIAN COBELO                                             June 28, 2019
Defendant                                                              Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____                _____
THOMAS WRIGHT                                              6/25/19
Counsel for the Defendant                                   Dated

06-10-2019

SC
Defendant's Initials